**UNITED STATES of America**

v.

**Ralph GINZBURG, Documentary Books, Inc., Eros Magazine, Inc., Liaison News Letter, Inc.,**

**Ralph Ginzburg, Appellant.**

No. 19090.

United States Court of Appeals, Third Circuit.

Argued Jan. 28, 1971.

Decided Feb. 2, 1971.

Rehearing Denied March 30, 1971.

Harold E. Kohn, Philadelphia, Pa., (Louis E. Levinthal, Philadelphia, Pa., on the brief), for appellant.

Robert Mahony, U. S. Department of Justice, Law Department, Washington, D. C. (Louis C. Bechtle, U. S. Atty., Eastern District Pennsylvania, on the brief), for appellee.

Before FORMAN, ALDISERT and GIBBONS, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

We have carefully considered the arguments of the Appellant and have concluded that the sentencing judge committed no error.

* Judge Freedman participated in the consideration and disposition of the petition

The judgment imposing sentence will be affirmed and the mandate will issue forthwith.

Before HASTIE, Chief Judge, and FORMAN, FREEDMAN,* SEITZ, VAN DUSEN, ALDISERT, ADAMS, GIBBONS and ROSENN, Circuit Judges.

## OPINION OF THE COURT ON PETITION FOR REHEARING

PER CURIAM:

The full court has considered the petition for rehearing and a majority have concluded that the prayer of the petition be denied. Judge Freedman had prepared a proposed dissenting opinion. He died before this opinion was filed. We include the proposed dissenting opinion as an appendix.

for rehearing, but died before this opinion was filed.

## APPENDIX
### UNITED STATES v. GINZBURG et al.—No. 19090

FREEDMAN, Circuit Judge (dissenting).

I feel strongly that this appeal should be reheard by the court en banc.

Ginzburg was convicted and sentenced on 28 counts charging violations of the federal obscenity statute (18 U.S.C. § 1461). The resentencing now before us retained all of the sentences previously imposed upon him,[1] except for counts 11 to 16 and counts 17 to 22, the sentences imposing imprisonment. As to each of counts 11 to 16 he was resentenced to a three-year period of imprisonment with the specification under the provisions of 18 U.S.C. § 4208(a) (2) that this was a maximum sentence and that he would be eligible for parole at such time as the Board of Parole would determine. The sentences on each of these counts were made to run concurrently. As to each of counts 17 to 22 he was placed on probation for a period of two years, to commence on his release from custody, each of the sentences on these counts to run concurrently.

When the case was last before us on appeal from the denial of the petition for reconsideration of the original sentence, we remanded with directions to grant a hearing on Ginzburg's petition.[2] The concurring opinion of Judge Seitz, in which I joined and to which Judge Hastie indicated his agreement, stated that "the allowable units of prosecution [under all the counts] were six at most * * *." We based this on the view that there could be only "one [sentence] for each of the three publications and one for the advertising in connection with each * * *", citing Ladner v. United States, 358 U.S. 169, 79 S.Ct. 209, 3 L.Ed.2d 199 (1958).

The concurring opinion declared that the sentences should be reconsidered because the sentencing judge had erroneously thought he could have imposed sentences of imprisonment aggregating 140 years based on the five-year statutory maximum sentence multiplied by each of the 28 counts. The concurring opinion also pointed out that this error was not cured because the five-year sentence was within the allowable maximum on any one count. This is because it was obvious that the sentencing judge acted in the mistaken belief that he was being lenient, as indeed would have been the case if his assumption were correct that he could have imposed sentences on each of the 28 counts.

Under the view expressed in the concurring opinion there could be only one sentence on counts 11 to 16 and only one sentence on counts 17 to 22. But now sentences have been imposed on all 12 of these counts. As in the original sentences, they do not exceed the allowable maximum of five years imprisonment. The error, however, is that the resentencing judge too was influenced by the fact that he thought sentences could have been imposed for five years on each of the 12 counts, for a total of 60 years imprisonment.

It is true that the judge ordinarily would be limited in resentencing to the maximum sentence originally imposed.[3] This, however, does not alter the effect on the resentencing judge's mind of the seeming severity of the wrongs committed if he believed that but for the leniency of the original sentence he would have had the power to impose sentences on these 12 counts totaling 60 years.

In reimposing fines on all 28 counts the resentencing judge repeated the original imposition of fines of $1,000 on each count for a total fine of $28,000. Assuming that the resentencing judge was limited to imposition of a fine on each count which would be no greater in amount than was originally imposed on each count, under the view expressed in the concurring opinion there were at most six allowable units of prosecution on which the fines could have been imposed, or a maximum fine of $6,000.

The resentencing, therefore, contains the same basic error which pervaded the original sentencing. At the very least I believe there is sufficient doubt of the validity of the resentencing both as to the fines and as to the imprisonment, even though the imprisonment has been ameliorated to some extent, that the case should be reheard before the court en banc.

I therefore dissent from the denial of the petition for rehearing by the court en banc.

1. The counts and the original sentences thereon are as follows:

| Counts | | |
|---|---|---|
| 1–3 | mailing circular on Housewife's Handbook to named individual | —fine $1,000 on each count |
| 4–6 | mailing circular on Liaison to named individual | —fine $1,000 on each count |
| 7–10 | mailing circular on Eros to named individual | —fine $1,000 on each count |
| 11–16 | mailing Housewife's Handbook to named individual | —3 years & $1,000 fine on each count (prison sentences concurrent) |
| 17–22 | mailing Eros to named individual | —2 years & $1,000 fine on each count (prison sentences concurrent but after 3 years above) |
| 23–28 | mailing Liaison to named individual | —$1,000 fine on each count |

2. United States v. Ginzburg, 398 F.2d 52 (3 Cir. 1968).
3. Cf. North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).